MIE 472 (Rev. 06/15) Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America )
v. )
)  Case No. 16-20495-01
Duane Patrick Vernier )
*Defendant* )

**DETENTION ORDER PENDING TRIAL**

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I—Findings of Fact**

**A. Eligibility. This case is eligible for a Detention Hearing (18 U.S.C. § 3142(f)), for the reasons checked below in this Part I A:**

☑ (1) Under 18 U.S.C. § 3142(f)(1), upon the government's motion in a case that involves

☐ (a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of ten years or more is prescribed; **or**

☐ (b) an offense for which the maximum sentence is life imprisonment or death; **or**

☑ (c) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C.; **or**

☐ (d) any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more state or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses; **or**

☐ (e) any felony that is not otherwise a crime of violence but involves:

☐ (i) a minor victim; **or**

☐ (ii) the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **or**

☐ (iii) any other dangerous weapon; **or**

☐ (iv) involves a failure to register under 18 U.S.C. § 2250.

☐ (2) Under 18 U.S.C. § 3142(f)(2), upon the government's motion or the court's own motion in a case that involves

☐ (a) a serious risk that such person will flee; **or**

☐ (b) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

**B. Rebuttable Presumption. A rebuttable presumption for detention exists in this case if reasons are checked below in this Part I B.**

☐ (1) Defendant on Release Pending Trial (18 U.S.C. § 3142 (e)(2)): A rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community arises when

  (a) Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense; **and**

  (b) The offense was committed while Defendant was on release pending trial for a federal, state, or local offense; **and**

  (c) A period of less than five years has elapsed since

   ☐ (i) the date of conviction; **or**

   ☐ (ii) Defendant's release from prison.

☐ (2) Probable Cause Findings (18 U.S.C. § 3142 (e)(3)): A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community arises when there is probable cause to believe that Defendant has committed an offense

  ☐ (a) for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C.; **or**

  ☐ (b) under 18 U.S.C. § 924(c) (use of a deadly or dangerous weapon or device in relation to a crime of violence or drug trafficking crime), 18 U.S.C. § 956(a) (conspiracy to kill, kidnap, maim, or injure persons or damage property in a foreign country), or 18 U.S.C. § 2332b (acts of terrorism transcending national boundaries); **or**

  ☐ (c) listed in 18 U.S.C. § 2332b(g)(5)(B) (federal crimes of terrorism) for which the maximum prison term of ten years or more is prescribed; **or**

  ☐ (d) under Chapter 77 of Title 18, U.S.C., for which a maximum term of imprisonment of twenty years or more is prescribed (i.e., 18 U.S.C. §§ 1581, 1583, 1584, 1589, and 1594)(slavery); **or**

  ☐ (e) involving a minor victim as listed in 18 U.S.C. § 3142(e)(3)(E).

## Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes

  ☐ by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

  ☐ by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

  ☑ both of the above.

MIE 472 (Rev. 06/15) Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

**Statement of reasons for detention pursuant to 18 U.S.C. § 3142(i):**

Defendant is charged in five counts of a five count indictment: 1) Conspiracy to Manufacture and Distribute a Controlled Substance (Marijuana), 2) Possession with Intent to Manufacture and Distribute a Controlled Substance, Aiding and Abetting, 3) Possession with Intent to Manufacture and Distribute a Controlled Substance, Aiding and Abetting, 4) Maintaining a Drug-Involved Premises, and 5)Endangering Human Life While Illegally Manufacturing Controlled Substance, Aiding and Abetting.

Defendant is 25 years old, single and the father of one. Until approximately three months ago, Defendant resided with his mother for eight years at her Wixom address. In May 2016 Defendant relocated to the address contained in the charging document on Lahser in Southfield, MI. Defendant has been employed for the past 18 days prior to his arrest at a landscaping business in Wixom. Additionally he has been working for the past year at Birmingham Window and Gutters. This is his only employment history. Defendant has no assets and has retained counsel.

Defendant's criminal history reveals that he is currently on bond/probation for two separate felony drug cases in the state court system, and that he is on probation absconder status for one of the cases. Specifically, on 12/29/2014 Defendant was charged and then subsequently convicted of Felony Controlled Substance, 5 - 45 Kg Marijuana, Delivery/Manufacture. Then on 11/6/2015 Defendant pled guilty to Felony Controlled Substance, Delivery/Manufacture Marijuana. He was sentenced on the 2014 case and the 2015 case concurrently. He was placed on two years probation and his drivers license was suspended. On May 27, 2016 his probation officer violated him for absconding. On June 22, 2016 Defendant's probation was continued, with the addition of 20 hours of community service. Defendant's state probation officer advised Pretrial Services that due to the instant charges, Defendant will be violated and a warrant has been requested. In addition, Defendant was arrested in Birmingham MI on 4/8/2016 for a misdemeanor traffic offense and on 4/29/2016 he pled guilty to Operating a Vehicle with a Suspended License and was sentenced to 30 days in jail and a fine. Defendant was arrested on the instant case on 6/21/2016.

Pretrial Services interviewed Defendant and concluded that he presents both a risk of flight and a danger to the community and recommends detention. This Court, after reviewing the applicable statutory factors, finds that a preponderance of the evidence establishes Defendant as a risk of flight (specifically his absconder from probation status, his history of violating probation, and that he has continually been involved in criminal activity while under supervision) and that there is clear and convincing evidence that Defendant poses a danger to the community (the nature of the offenses charged in the instant case, Defendant's pattern of criminal activity while under supervision, and his history and pattern of ongoing similar criminal activity).

This Court finds that there is no condition or combination of conditions that would assure Defendant's appearance or the safety of the community. Of concern is the fact that despite being on probation in two cases, that Defendant continues to engage in the same criminal conduct for which he was convicted. Since past conduct is a predictor for future behaviors, this Court firmly believes that Defendant would not follow its orders or comply with conditions of bond. Therefore Detention is Ordered.

## Part III—Directions Regarding Detention

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this order is governed by 18 U.S.C. §3145 and E.D. Mich. L.R. 57.2.

Date: August 10, 2016            s/Mona K. Majzoub
                                 *Judge's Signature*

                                 Mona K. Majzoub, U.S. Magistrate Judge
                                 *Name and Title*